# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.    Case No.  **16-CR-10141-EFM**

**CURTIS WAYNE ALLEN,**
**PATRICK EUGENE STEIN, and**
**GAVIN WAYNE WRIGHT,**

      Defendants.

## GOVERNMENT'S MOTION TO PRECLUDE DEFENDANTS' WITNESS DR. AMY COOTER FROM TESTIFYING AND FOR *DAUBERT* HEARING
(Re.: Doc. 171)

APPEARS NOW the United States of America—by and through Thomas E. Beall, United States Attorney for the District of Kansas; Anthony W. Mattivi, Assistant United States Attorney for the District; David P. Cora, Trial Attorney, Counterterrorism Section of DOJ's National Security Division; Risa Berkower, Trial Attorney, Criminal Section of DOJ's Civil Rights Division; and Danielle Tarin, Attorney, Law and Policy Section of DOJ's National Security Division—and hereby moves the Court to preclude defendants from calling Dr. Amy Cooter as a witness at trial because her testimony is irrelevant and would confuse the jury or, in the alternative, to hold a *Daubert* hearing to ensure her testimony is not only relevant but also rests on a reliable foundation.

## ARGUMENT

Defendants notified the government they intend to call as an expert witness at trial Dr. Amy Cooter, senior lecturer in Vanderbilt University's Sociology Department. Defendants summarize her testimony by listing the following subjects about which she might testify:

> identification of and distinctions between the militia community, the prepper community and the survivalist community; conduct and beliefs common to members of the militia community, the prepper community and the survivalist community; the extent to which the conduct, beliefs and rhetoric allegedly engaged in by the defendants is similar to conduct, beliefs and rhetoric engaged in by members of these communities; public perceptions and misperceptions of these communities; the impact of political rhetoric on these communities during the spring, summer and fall of 2016; susceptibility of these communities to political rhetoric in 2016.

Defs.' Notice of Expert Test., *United States v. Wright*, No. 6:16-cr-10141 (D. Kan. Nov. 1, 2017), ECF No. 171 ("Notice").[1] The Court should preclude the defendants from calling Dr. Cooter to testify at trial under Federal Rules of Evidence 702 and 403 because her testimony is irrelevant and would confuse the jury. The Court should also preclude Dr. Cooter's testimony because defendants' notice of her testimony is inadequate under Federal Rule of Criminal Procedure 16(b)(1)(C). If the Court nonetheless concludes that the proposed opinions are appropriate for expert testimony in this case, the government requests that the Court hold a hearing requiring defendants to establish that Dr. Cooter's expert testimony about the beliefs and rhetoric of the "militia," "prepper," and "survivalist" communities is not only relevant but also reliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993).

---

[1] All the defendants joined the notice.

## I.      Dr. Cooter's Testimony Is Inadmissible Because It Is Irrelevant and Would Confuse the Jury

The predicate for admissibility of expert testimony under Federal Rule of Evidence 702 is that the expert testimony is relevant, meaning that the "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  To be relevant, expert testimony must "fit" with the issues to be resolved at trial. *See Daubert*, 509 U.S. at 591.  In other words, the expert testimony must "logically advance[] a material aspect of the case" and "must have a valid scientific connection to the disputed facts in the case." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005).  Even if expert testimony is relevant, the Court may exclude it under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In *United States v. Stone*, the U.S. District Court for the Eastern District of Michigan granted the defendants' motion to exclude expert testimony about conspiracy beliefs and theories—and "how conspiracy theorists view" events that are significant to those conspiracy beliefs and theories—under Federal Rules of Evidence 702 and 403 because the testimony would not be relevant and would confuse the jury.  279 F.R.D. 434, 436-41 (E.D. Mich. 2012).  The court first explained that the defendants had been charged with (among other offenses) seditious conspiracy and conspiracy to use weapons of mass destruction, so the case was about "an alleged agreement to violently overthrow the Government," not any conspiracy theory or belief.  *Id.* at 437.  The court found that "[t]his [wa]s so even though some of these concepts might be tangentially related to the crime charged, as stated in the indictment."  *Id.*  The court next explained that "exploration into these topics . . . would likely confuse and mislead the jury" because, although some of the

3

defendants may share in the conspiracy beliefs, the defendants "are not on trial for holding unpopular beliefs." *Id*. at 437-39. Rather, "[i]t is important that the evidence relate to what the indictment charges." *Id*. at 439.

The U.S. District Court for the Northern District of Ohio reached a similar result in *United States v. Amawi*, 552 F. Supp. 2d 669 (N.D. Ohio 2008). The defendants were indicted for (among other offenses) conspiring to kill and maim members of the U.S. military in Iraq and provide material support to terrorism. A defendant proffered two experts, one of whom would have testified about Islam and jihad. The defendant argued that the testimony was relevant to his state of mind when he made certain comments and engaged in conduct underlying the indictment. *Id*. at 673. The court rejected the argument and excluded the testimony under Rule 702, reasoning that the testimony did not relate to the facts in issue because the case is "about whether specific acts violated federal criminal laws," not "Islam or jihadist movements generally." *Id*. at 674. The court added that admitting the testimony would confuse the jury because it would suggest "that those subjects have, or might have, some place in their deliberations." *Id*.; *see id*. at 671, 674-76 (also excluding expert testimony on Middle Eastern cultural norms and terrorist groups because the testimony "involves matters that are ancillary to the issues in the case, and to what the jury must decide"). The U.S. Court of Appeals for the Sixth Circuit affirmed, reasoning that "[t]estimony about Islamist and jihadist culture would not aid the jury in determining whether the defendants conspired to kill or maim Americans or provided material support to persons with such objectives outside the United States." *United States v. Amawi*, 695 F.3d 457, 480 (6th Cir. 2012).

As in *Stone* and *Amawi*, this Court should preclude Dr. Cooter's testimony under Rule 702 because it does not relate to any facts in issue. This case is not about the beliefs of the "militia,"

4

"prepper," and "survivalist" communities or political rhetoric.  *See* Notice at 1-2.  It is about whether the defendants agreed to bomb an apartment complex in Garden City, Kansas and to injure, oppress, threaten, or intimidate its residents.  *See* Second Superseding Indictment at 2-3, ECF No. 89.  The beliefs and rhetoric of the "militia," "prepper," and "survivalist communities"—and the public's perception of them and their "susceptibility . . . to political rhetoric"—will not aid the jury in determining whether defendants committed these offenses.  It is neither necessary nor sufficient for defendants to be a part of the "militia," "prepper," and "survivalist" communities—or to be susceptible to political rhetoric—for a jury to find them guilty.  *See Stone*, 279 F.R.D. at 437; *Amawi*, 552 F. Supp. 2d at 674.

Even if the testimony were relevant, the Court should still exclude it under Rule 403 because the probative value is outweighed by the risk that the testimony would confuse the issues in the case or mislead the jury by suggesting that these topics are a proper subject in their deliberations.  Although the defendants might argue that the expert testimony would explain how political rhetoric has impacted communities like theirs or would give some insight into defendants' state of mind, that testimony is ancillary to what the jury must decide.  The defendants are not on trial for their beliefs or how they came to hold them.  Rather, "[t]his case is about what the defendants did and whether what they did violated American law."  *See Amawi*, 552 F. Supp. 2d at 675; *see also Stone*, 279 F.R.D. at 439-40.  Admitting expert testimony on such ancillary subjects, thereby confusing the issues and the jurors' task at hand, appeals to and ultimately risks juror nullification.  Because the testimony does not provide considerations on which the jury can rely in determining guilt, the Court should preclude Dr. Cooter from testifying.

## II. The Court Should Preclude Dr. Cooter's Testimony Because the Notice Is Deficient Under Federal Rule of Criminal Procedure 16(b)(1)(C)

Defendants notified the government under Federal Rule of Criminal Procedure 16(b)(1)(C) that they intend to call Dr. Cooter as an expert witness at trial. *See* Notice at 1. Rule 16(b)(1)(C) requires defendants to "give to the government a written summary" of the testimony that "describe[s] the witness's opinions" and "the bases and reasons for those opinions." Fed. R. Crim. P. 16(b)(1)(C); *see United States v. Lindemuth*, No. 16-40047, 2017 WL 5517947, at *2 (D. Kan. Nov. 17, 2017) ("As the Advisory Committee Note expressly states, Rule 16(b)(1)(C) is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." (quoting *United States v. Naegele*, 468 F. Supp. 2d 175, 176 (D.D.C. 2007))).

Defendants' notice does not satisfy Rule 16(b)(1)(C)'s requirements because the notice fails to describe Dr. Cooter's opinions, much less the bases or reasons for those opinions. The defendants merely list the subjects about which Dr. Cooter will testify. *See* Notice at 1. But this Court has found inadequate a notice that, like this one, "only provides general subjects that the witness will discuss." *See*, *e.g.*, *Lindemuth*, 2017 WL 5517947, at *2. In spite of repeated requests, the government has not received notice of Dr. Cooter's opinions in, for example, any expert-witness reports. Because the defendants failed to comply with Rule 16(b)(1)(C), the Court should exclude Dr. Cooter's testimony. *See United States v. Anderson-Bagshaw*, 509 F. App'x 396, 409 (6th Cir. 2012) ("Failure to comply with this rule allows the district court to exclude the expert testimony.") (citing Fed. R. Crim. P. 16(d)(2)(C)).

### III. In the Alternative, the Court Should Hold a *Daubert* Hearing

If the Court nonetheless concludes that the proposed opinions are appropriate for expert testimony in this case, the Court should require the defendants to provide the government all of Dr. Cooter's opinions and the bases for those opinions and then hold a *Daubert* hearing to ensure that Dr. Cooter is qualified to render these opinions and that her testimony is reliable. In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*. *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006).

Reliability questions may concern the expert's data, method, or her application of the method to the data. As the proponents of Dr. Cooter's testimony, the defendants bear the burden of showing "a grounding in the methods and procedures of science," which must be based on actual knowledge and not "subjective belief or unaccepted speculation." *Daubert*, 509 U.S. at 590; *see* Fed. R. Evid. 702 (noting that the testimony must be "based upon sufficient facts or data," as well as "the product of reliable principles and methods," and that the expert must have "applied the principles and methods reliably to the facts of the case"). The defendants must show that Dr. Cooter's method "is scientifically sound and that [her] opinion is based on facts which satisfy Rule 702's reliability requirements." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) ("Generally, the district court should focus on an expert's methodology rather than the conclusions it generates."). Requiring this showing is particularly warranted here, where the proffered area of expertise is novel and the defendants have not disclosed Dr. Cooter's opinions or the bases therefor.

**CONCLUSION**

For all these reasons, the government respectfully requests that the Court preclude Dr. Cooter from testifying at trial or, in the alternative, hold a *Daubert* hearing requiring the defendants to satisfy their burden to establish the relevance and reliability of her testimony.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

*AW Mattivi*

ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*David P. Cora*

DAVID P. CORA
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-7259
David.Cora@usdoj.gov

*Risa Berkower*

RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

                                            Telephone: (202) 305-0150
                                            Risa.Berkower@usdoj.gov

                                            *Danielle Tarin*
                                            DANIELLE TARIN
                                            Attorney
                                            National Security Division
                                            U.S. Department of Justice
                                            950 Pennsylvania Avenue NW
                                            Washington, D.C. 20530
                                            Telephone: (202) 532-4493
                                            Danielle.Tarin@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on the __9th__ day of January 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

                                            *AW Mattivi*
                                            Anthony W. Mattivi