# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                        Case No. **16-CR-10141-03-EFM**

**GAVIN WAYNE WRIGHT,**

      **Defendant.**

## GOVERNMENT'S RESPONSE TO DEFENDANT WRIGHT'S MOTION TO SUPPRESS CSLI AND ALL DERIVATIVE EVIDENCE
### (Re.: Doc. 208)

APPEARS NOW the United States of America – by and through Thomas E. Beall, United States Attorney for the District of Kansas; Anthony W. Mattivi, Assistant United States Attorney for the District; David P. Cora, Trial Attorney, Counterterrorism Section of DOJ's National Security Division; Risa Berkower, Trial Attorney, Criminal Section of DOJ's Civil Rights Division; and Danielle Tarin, Attorney, Law and Policy Section of DOJ's National Security Division – and hereby responds to the Defendant's Motion To Suppress CSLI and All Derivative Evidence (Mot., ECF No. 208).

**I.    BACKGROUND AND SUMMARY**

On August 26, 2016, the government presented a criminal search warrant to the Magistrate Judge James P. O'Hara, requesting the disclosure of the location data relating to the Target

Telephones, as well as all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information be searched. Magistrate Judge O'Hara determined that probable cause existed and authorized the warrants.[1] On August 26, 2016, the warrant was served. The government obtained cell-site information going forward from that date as a result of the warrant.

The defendant now moves to suppress all cell-site location information ("CSLI") obtained as a result of the warrant, on the grounds that the criminal search warrant obtained by the government should have been held to the same "necessity" standard that applies to wiretaps authorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968. The defendant's arguments fail for several reasons: (1) the government not only met, but *exceeded*, the legal standard required in the Tenth Circuit to obtain the CSLI by using a criminal search warrant instead of using an order pursuant to 18 U.S.C. § 2703(d); (2) the Supreme Court has made clear that the necessity requirement does not apply to search warrants; (3) there is no statutory suppression for violations of the Stored Communications Act; (4) the government relied in good faith on the criminal search warrant; and (5) the warrant passes the particularity test, and officers relied on it in good faith.

## II.  ARGUMENT

### A. The Cell-Site Information Was Lawfully Obtained by Search Warrant

Congress enacted the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA"), as part of the Electronic Communications Privacy Act ("ECPA") in 1986 to create a system of statutory privacy rights for customers and subscribers of computer network service providers. Section 2703 of the SCA regulates government access to stored communications by creating a code of criminal procedure that federal and state law enforcement officers must follow in order to compel disclosure

---

[1] The defendant has not argued that the search warrant affidavits lacked probable cause to be issued.

2

of stored communications.  Since the enactment of the SCA, law enforcement has used § 2703 on a daily basis to compel disclosure of stored information.

The structure of § 2703 reflects congressional judgments about what kinds of information implicate greater or lesser privacy interests.  In general, the SCA offers greater protection to categories of information perceived by Congress to implicate greater privacy interests.  Under Section 2703(c) of the SCA:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of the communications) only when the governmental entity—
> (A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction;
> (B) obtains a court order for such disclosure under subsection (d) of this section . . . .

18 U.S.C. § 2703(c).  If the government elects to obtain this information through a court order under subsection (d), then the government must seek a court order upon a demonstration of "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  This standard is "higher than a subpoena, but not a probable cause warrant."  H.R. Rep. No. 103-827(I), at 31 (1996), reprinted in 1996 U.S.C.C.A.N. 3489, 3511.  The entity receiving the Section 2703(d) order may move to quash the order if the records sought are "unusually voluminous . . . or compliance with such order otherwise would cause an undue burden."  18 U.S.C. § 2703(d).

Thus, the SCA allows the government to elect whether it will seek CSLI information by obtaining a criminal search warrant, which requires a showing of probable cause, or by obtaining a

Section 2703(d) order, which merely requires a showing that the records are "relevant and material" to the investigation. The Tenth Circuit has upheld the use of Section 2703(d) orders to obtain CSLI. *See United States v. Thompson*, 866 F.3d 1149, 1160 (10th Cir. 2017) ("[W]e hold that cell-phone users lack a reasonable expectation of privacy in their historical CSLI, which users voluntarily convey to third-party cell-service providers."); *see also United States v. Banks*, 706 F. App'x 455, 457 (10th Cir. 2017) (applying *Thompson* denying defendant's challenge to a Section 2703(d) order). In *Thompson*, the court noted that "four other circuits have already considered and rejected Thompson's position" on use of Section 2703(d) orders to obtain CSLI. *Thompson*, 866 F.3d at 1155. Defendant Wright cites no case that prohibits the government from obtaining CSLI in the SCA-authorized method used here—a criminal search warrant.

Further, defendant Wright's citation to *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2211 (2017), *argued*, No. 16-402 (Nov. 29, 2017), which is currently pending before the U.S. Supreme Court, is inapposite. The defendant in *Carpenter* challenges the government's use of a Section 2703(d) order to obtain CSLI and argues that a search warrant should have been utilized to obtain the information. Thus, the *Carpenter* case is not directly applicable to the instant matter because the government here did use a criminal search warrant and a showing of probable cause to obtain the CSLI.

### B. The "Necessity" Requirement Does Not Apply to Search Warrants

The defendant attempts to imply that the government has somehow violated the SCA by arguing that "[a]ny broad reading of the ECPA would require any warrant issued under its auspices to conform to the requirements of a 'super-warrant' as outlined in Title III – even for a warrant issued to obtain CLSI under Title II." Mot. at 8. This argument is not just misleading, but it is simply

untrue. It is established law that there is no necessity requirement for search warrants. It has long been established by the Supreme Court that search warrants may be issued if (1) they are authorized by a neutral, disinterested magistrate, (2) they demonstrate probable cause for a particular offense, and (3) they describe with particularity the things to be seized and the place to be searched. *Dalia v. United States*, 441 U.S. 238, 255 (1979) (citing *Stanford v. Texas*, 379 U.S. 476, 485 (1965)). Adding a "necessity" requirement, where the SCA contains no such requirement in its plain terms, would be inconsistent with this longstanding rule and improper, as indicated by the Supreme Court in *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978). In *Zurcher*, the Ninth Circuit had imposed a necessity requirement on the use of a warrant directed to innocent third parties. The Supreme Court reversed, explaining:

> The Fourth Amendment has itself struck the balance between privacy and public need, and there is no occasion or justification for a court to revise the Amendment and strike a new balance by denying the search warrant in the circumstances present here and by insisting that the investigation proceed by subpoena duces tecum, whether on the theory that the latter is a less intrusive alternative or otherwise.

*Zurcher*, 436 U.S. at 559. To be clear, the necessity requirement in Title III, which applies to interceptions of wire, oral, and electronic communications, is plainly stated in the statute. The necessity requirement that accompanies the contemporaneous capture of communications is established in 18 U.S.C. § 2518(1)(c) and § 2518(3)(c). By contrast, the SCA, which specifically incorporates the terms of Rule 41 of the Federal Rules of Criminal Procedure, contains no such requirement. 18 U.S.C. § 2703(a)-(c) (establishing that SCA warrants are "issued using the procedures described in the Federal Rules of Criminal Procedure"). Nor does Rule 41 itself. To the contrary, Rule 41 states that a magistrate judge "must issue" a warrant where there is probable cause.

*See* Fed. R. Crim. P. 41(d)(1).  18 U.S.C. § 2703(a)-(c).  Thus, as a statutory matter, it is clear that SCA warrants have no necessity requirement.

### C.  No Statutory Suppression Exists for Violations of the SCA

Assuming, *arguendo*, that some statutory violation existed here, the defendant's argument fails nevertheless because there is no statutory suppression for SCA violations.  *See United States v. Perrine*, 518 F.3d 1196, 1202 (10th Cir. 2008) ("[V]iolations of the ECPA do not warrant exclusion of evidence."). Relatedly, even Title III violations in cases involving interception of electronic communications do not warrant statutory suppression.  *See* 18 U.S.C. § 2515 (providing statutory suppression only for wire and oral communications).  Therefore, regardless of any statutory issues, excluding this evidence would only be an appropriate remedy if there were a Fourth Amendment violation. Since *Dalia* and *Zurcher* show there is no Fourth Amendment violation, statutory suppression is simply not an available remedy.

### D.  The Government Relied in Good Faith on the Search Warrant

Even if the Court were to reverse direction by concluding that the Fourth Amendment includes a necessity requirement for search warrants, rendering the warrant used here invalid, suppression would still not be an appropriate remedy because at least three separate good faith exceptions apply.

First, the government relied in good faith on the issuance of the search warrant, so exclusion would have no deterrent effect here.  The entire purpose of the exclusionary rule "'is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures.'" *Illinois v. Krull*, 480 U.S. 340, 347 (1987) (quoting *United States v. Calandra*, 414 U.S. 338, 347 (1974)).  The Supreme Court has refused to expand the use of

6

the exclusionary rule to situations where suppression would not have the desired deterrent effect. *See*, *e.g.*, *United States v. Leon*, 468 U.S. 897, 916–23 (1984).  In *Leon*, for example, the Court held that the exclusionary rule should not be applied to evidence obtained by a police officer who reasonably relied on a search warrant issued by a neutral magistrate, even if the warrant was ultimately found to be defective, because suppression would not have the desired deterrent effect. The Tenth Circuit has applied the *Leon* good faith exception to GPS data obtained through wiretap orders.  *United States v. Barajas*, 710 F.3d 1102, 1111 (10th Cir. 2013).  In this case, the government clearly acted in good faith by relying on a court-authorized search warrant when there was no reason to believe the warrant was defective.

Second, the government relied in good faith on the SCA, the plain language of which includes no necessity requirement.  Even if a court were to find the SCA unconstitutional, the principle stated in *Krull* would apply once again: the exclusionary rule should not be applied to suppress evidence obtained by an officer who acted in objectively reasonable reliance on a statute later determined to be unconstitutional.  *Krull*, 480 U.S. at 349–50.  In *Krull*, the Court explained that an officer's reliance on a statute cannot be considered objectively reasonable if (a) in passing the statute, the legislature wholly abandoned its responsibility to enact constitutional laws, or (b) the statute's provisions are such that a reasonable officer should have known that the statute was unconstitutional. 480 U.S. at 355.  In essence, the relevant inquiry is whether the statute was "so facially deficient that authorities could not reasonably have presumed it to be constitutional."  *United States v. Stowe*, 100 F.3d 494, 498 (citing *Leon*, 468 U.S. at 923).  The SCA does not come close to meeting this standard. Because the SCA is not clearly unconstitutional, it was reasonable for the government to rely on the SCA in this case.

Third and finally, the government here relied in good faith on binding precedent that under the Fourth Amendment warrants do not have a necessity requirement. *See Dalia*, 441 U.S. at 255 (enumerating Fourth Amendment requirements); *Zurcher*, 436 U.S. at 559 (noting that the Fourth Amendment balances privacy and public need and that courts should not alter that balance). Where, as here, law enforcement agents "conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." *Davis v. United States*, 564 U.S. 229, 249–50 (2011). Because both *Dalia* and *Zurcher* are binding Supreme Court precedent, the government's reliance was reasonable and the *Davis* good faith exception would apply.

### E. The Search Warrant Is Valid and Reliance Was Objectively Reasonable

Although the warrant in this case "did not specify with particularity relevant dates," it did not need to. Mot. at 8. "[W]arrants may pass the particularity test if they limit their scope either to evidence of specific federal crimes or to specific types of material." *United States v. Russian*, 848 F.3d 1239, 1245 (10th Cir. 2017) (internal quotations and citations omitted). Here, the scope of the warrant was explicitly limited to certain "specific types of material," fulfilling the particularity requirement pursuant to precedent. *Id*. By enumerating the types of location data that law enforcement could search (location data, E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information), the warrant was sufficiently specific and therefore valid.

However, even if the warrant failed to be sufficiently particular, the *Leon* good faith exception would apply here and prevent suppression. In cases where "a warrant fails to satisfy the Fourth Amendment's particularity requirement, the exclusionary rule should not be applied to suppress evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate judge." *Russian*, 848 F.3d at 1246. The objective test simply "asks

'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Otero*, 563 F.3d 1127, 1134 (10th Cir. 2009) (quoting *Leon*, 468 U.S. at 922 n.23).  Because the search was specifically limited to the types of data listed in the warrant, it was not facially invalid.  Relying upon the warrant was objectively reasonable in this case because it was properly issued and limited the search to specific types of data.  Therefore, even if the warrant were defective, the evidence would fall within the *Leon* good faith exception from the exclusionary rule.

Despite the warrant issued in this case, the defendant asserts this search "was akin to a warrantless search" in violation of the Fourth Amendment.  Mot. at 8.  But the government far exceeded the legal standard required to obtain the defendant's CSLI by obtaining a search warrant, even though, as the *Thompson* court explained, "cell-phone users lack a reasonable expectation of privacy in their historical CSLI." *Thompson*, 866 F.3d at 1160.  In addition, there is no necessity requirement for search warrants, and neither is statutory suppression available in this case.  Further, even if necessity were required, the government's good faith reliance on the warrant would prevent suppression.  Finally, the warrant here was sufficiently particular and therefore valid, but due to the officers' good faith reliance, the exclusionary rule would not apply even if the warrant were not valid.

### III. CONCLUSION

For all these reasons, the government respectfully requests that the Court deny the defendant's motion to suppress CSLI and all derivative evidence.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

*AW Mattivi*
ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*David P. Cora*
DAVID P. CORA
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-7259
David.Cora@usdoj.gov

*Risa Berkower*
RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

*Danielle Tarin*
DANIELLE TARIN
Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 532-4493
Danielle.Tarin@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the __22nd__ day of January, 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*AW Mattivi*
Anthony W. Mattivi