# UNITED STATES DISTRICT COURT
## — District of Kansas —

UNITED STATES OF AMERICA,

        **Plaintiff,**

        **v.**                    **Case No.   16-CR-10141-03-EFM**

**CURTIS WAYNE ALLEN** *et al.*,

        **Defendants.**

## GOVERNMENT'S OBJECTIONS TO JURY INSTRUCTIONS

APPEARS NOW the United States of America, by and through its undersigned attorneys, and respectfully makes objections and proposed modifications to the Court's initial proposed jury instructions, which were provided to the parties on April 12 and 13, 2018, and to the defendants' Supplemental Proposed Jury Instructions, which were filed on April 15, 2018 (Doc. 374).  In making these suggested objections and modifications, the government has created a "track changes" version of the Court's proposed instructions that incorporates the government's suggested changes and modifications; that document is attached as Exhibit 1 to this filing.  This filing serves to explain the reasons for the proposed changes and modifications identified in the "track changes" version of the document.

    1.   Court's Proposed Instruction No. 7

The government does not object to this instruction, but rather proposes modifying the last paragraph of this instruction to add several clarifying articles.  The government suggests this modification to clarify the meaning of the instruction.

2.  Court's Proposed Instruction No. 8

The government respectfully recommends one modification to this instruction to correct what seems to be a typo.  Additionally, the government proposes adding additional language to the instruction to explain that the government is not required to prove that the object of the conspiracy was met, or that the agreement need not be formalized.  Both of these instructions are directly relevant to the facts and defenses presented in this case, and the jury should be informed of the applicable law that governs their deliberations.  Legal authority for this additional proposed language is provided in the Government's Proposed Jury Instruction #18 (Doc. 321).

3.  Court's Proposed Instruction 10

The government respectfully objects to this instruction on two grounds.  First, no defendant, including defendant Wright, has met the legal threshold for a withdrawal instruction.  *See, e.g.*, *United States v. Randall*, 661 F.3d 1291, 1295-96 (10th Cir. 2011) (defendant only entitled to jury instruction concerning withdrawal where there is "sufficient evidence for a reasonable jury to find in his favor"); *United States v. McIntosh*, 514 Fed. App'x 776, 780 (10th Cir. 2013) (absent affirmative acts to withdraw, an arrest is insufficient to qualify as withdrawal).  Here, given the ample evidence showing that Wright did not withdraw from either charged conspiracy on October 11, 2016—in particular, his false statements to the FBI during an interview on October 12, 2016, his visit to his storage unit later that same night (at 3:51 am on October 13, 2016), and the evidence of bomb-making found inside the storage unit on October 14, 2016—there is insufficient evidence

to warrant the instruction. *See United States v. Harper*, 166 F.3d 349 (Table) (10th Cir. 1998) (finding no withdrawal instruction required where credible evidence negating defendant's withdrawal was presented at trial).

Second, including this instruction wrongly suggests to the jury that withdrawal may negate defendant Wright's criminal liability for Counts 1 or 2.  In fact, withdrawal from a conspiracy negates a defendant's criminal liability only where, unlike here, a defendant agrees to join a conspiracy that contains an overt act requirement but withdraws before any overt act is committed. In such a case, the defendant's withdrawal vitiates any criminal liability because the defendant's liability for the conspiracy would have been triggered only after the overt act occurred.

In stark contrast, neither conspiracy charged in Count 1 (18 U.S.C. § 2332a) or Count 2 (18 U.S.C. § 241) contains an overt act requirement.  As a result, if defendant Wright joined the conspiracies (which is a necessary antecedent to his withdrawing from a conspiracy), then his criminal liability is fully established at the time he joined the conspiracy.  A subsequent withdrawal does not negate his criminal liability for either of those counts.  As a result, this instruction should not be included because it wrongly suggests that the jury could find the defendant not guilty of Counts 1 or 2 if he joins the conspiracy and then withdraws from it.

In addition, the government now seeks to preclude any argument by defendant Wright's counsel that his criminal liability for the charged conspiracies is at all negated by withdrawal.  In order for defendant Wright to have withdrawn from the charged conspiracies, he must, by definition, have joined them first.  Given the particular statutes charged in this case, if defendant Wright joined the conspiracies at any time, then his criminal liability is fully established, because these conspiracies contain no overt act requirement—he is fully liable for the conspiracies upon

joining them.  Because of this, any argument by defense counsel that uses withdrawal as a basis for

finding defendant Wright not guilty of the charged conspiracies is, in actuality, an appeal to jury

nullification.  As such, defense counsel should not be allowed to make this argument in closing.

4.   Court's Proposed Instruction No. 13

The government respectfully objects and requests that the Court to use the language of the

government's "track changes" instruction in Ex. 1.  This proposed version of the instruction

corrects several typographical errors and removes references to "foreign commerce," as the

evidence in this case did not address foreign commerce.

The government requests that the Court change the words "excluding any law enforcement

agent or government informant" to "not counting any law enforcement agent or government

informant" to avoid any confusion that the mere presence of a law enforcement agent or

government informant does not negate the formation of a conspiracy among the defendants. The

government suggests that the proposed language reflects a clearer statement of applicable law on

this point.

The government objects to the inclusion of the second element in the proposed instruction.

As the Court established in its Rule 29 decision, the "without lawful authority" language of 18

U.S.C. § 2332a is an affirmative defense, not an element that the government must prove at trial.

With regard to the proposed language that the offense must have a "substantial effect" on

interstate commerce, the government submits that this language is incorrect as a matter of law.  The

defense acknowledged in their proposed instructions that "Tenth Circuit law precludes this

instruction."  *See* Defs. Proposed Jury Instruction No. 8, *Authority* (noting that they included the

"substantial effect" standard to preserve their objection.)   The plain language of the statute does

not require the government to prove a substantial effect on commerce.  *See United States v. Wise*, 221 F.3d 140, 152 (5th Cir.2000) (the effect on interstate commerce need not be substantial or even actual); *United States v. Davila*, 461 F.3d 298, 306 (2d Cir. 2006).

Finally, the government respectfully requests the additional explanation concerning different types of interstate commerce that is included in the added language in the "track changes" provided in Ex. 1, including reference to the Internet as a facility of commerce and rental of property as being used in an activity affecting commerce.  In addition, this language clarifies the mens rea requirement, i.e., that the defendant did not need to know that his acts would have an effect on commerce.  Given the broad range of different types of interstate commerce evidence that was admitted at trial, the government requests this additional language so that the jury can better recognize, assess, and understand this evidence.  The legal basis for requesting this additional language is provided in the Government's Proposed Jury Instruction #12.

5.   Court's Proposed Jury Instruction No. 14

The government objects to this instruction as unnecessary given the evidence at trial. Aiding and abetting liability is an alternate theory of liability that does not match with the evidence presented at trial for Count 1.  Accordingly, the government requests that the jury not be instructed on it here.

However, should the Court choose to give this instruction, the government respectfully request that the language of the proposed charge be modified to reflect the fact that (1) if the jury finds that all three defendants conspired as charged in Count 1, then the jury may disregard this instruction, and (2) if the jury finds that only two of the three defendants conspired as charged in Count 1, then they may consider whether the third defendant aided and abetted that conspiracy.

The government requests these changes because, as currently written, the proposed instruction does not make clear that a conspiracy must exist among two defendants before any defendant could be held liable for aiding and abetting the conspiracy.  Should the Court decide to include this instruction, the government respectfully requests the right to argue for additional language modifications for this instruction at the charge conference.

Additionally, to the extent that the defense seeks to apply an aiding and abetting instruction to both Count 1 and Count 2, the government notes that the Second Superseding Indictment did not include a reference to 18 U.S.C. § 2 in Count 2.

6. Court's Proposed Jury Instruction No. 15

Since the Court will not be reading the complete indictment to the jury, the government requests the additional definitional language contained in the introductory allegation in the Second Superseding Indictment to be included in this charge, as the definition of "residents of 312 West Mary Street" applies to this Count.  Specifically, the Introductory Allegation states that the term "residents of 312 West Mary Street" refers to "the residents, tenants, and owners of an apartment complex located at 312 West Mary Street in Garden City, Kansas, as well as to guests of the residents, tenants, and owners at the complex."

7. Court's Proposed Jury Instruction No. 17

The government requests the "track changes" version of this instruction to correct the number of elements from "three" to "two;" to explain the federal law that underlies the charged conspiracy; to incorporate by reference the definition in the Second Superseding Indictment of the phrase "residents of 312 West Mary Street;" to clarify that the object of the conspiracy need not have been achieved for the government to prove this crime; and to explain that it is not necessary

for the government to prove that the defendants were thinking specifically about the Fair Housing

Act in order to prove Count 2.  The government also respectfully requests changes to the language

concerning the causation requirement for the charged conspiracy to conform to applicable law

requiring but-for causation in this context.  *See Burrage v. United States*, 134 S. Ct. 881 (2014)

(establishing but-for causation standard).

    8.  Court's Proposed Jury Instruction No. 18

The government requests changes to this instruction to reflect the revised numbering of the

counts in the Indictment.

    9.  Court's Proposed Instruction No. 19

The government requests changes to this instruction to reflect the revised numbering of the

counts in the Indictment, and to specify that only defendant Wright is charged in this Count.

    10. Court's Proposed Instruction No. 20

The government requests changes to this instruction to reflect the renumbering of counts in

the Indictment, to more thoroughly explain the legal standard for willfulness, and to more

thoroughly conform to the Tenth Circuit Pattern instruction for 1001(a)(2).

In addition, the government proposes instruction No. 20A below, to reflect the fact that the

Indictment charged defendant Wright with the aggravating factor of providing false information in

connection with a domestic terrorism investigation, which, if found by the jury, would result in an

enhanced penalty.  The government also requests a similar modification to the Court's verdict form.

*Government's Proposed Instruction No. 20A*

If you find that defendant Wright committed the crime charged in Count 3, then you also

must consider one additional factor:  whether his false, fictitious, or fraudulent statement(s) to the

FBI was (were) made during the FBI's investigation of a domestic terrorism offense.

For these purposes, an investigation into a domestic terrorism offense means an investigation into activities that involve acts dangerous to human life that are a violation of the criminal law of the United States; that occur primarily within the United States; and that appear to be intended to either (1) intimidate or coerce a civilian population, (2) influence the policy of a government by mass destruction, assassination, or kidnapping, or (3) affect the conduct of a government by mass destruction, assassination, or kidnapping.

If you find that the government has proven, beyond a reasonable doubt, that Defendant Wright made a false, fictitious, or fraudulent statement (or statements) to the FBI that was (or were) made during the FBI's investigation of a domestic terrorism offense, then you should so indicate in answer question 3b on the verdict form that I have provided to you.

11. Court's Proposed Instruction No. 21

The government suggests this edit to clarify for the jury that questions by counsel are not evidence.

12. Court's Proposed Instruction No. 26

The government suggests these edits to clarify the requirement that the jury must consider each defendant and each offense separately.

13. Court's Proposed Instruction No. 27

The government suggests the edits in the "track changes" version attached as Ex. 1 to clarify that, while Dan Day was an informant for the government, he was not acting as a government agent.  Additionally, since there is no evidence Dan Day had an agreement with the government, that language is also removed.  Finally, since there was ample evidence corroborating

Dan Day's testimony, the last sentence of the proposed instruction should be removed as inconsistent with the evidence presented at trial and, therefore, confusing.

14. Court's Proposed Instruction No. 29

The government objects to this instruction because evidence of other crimes, acts, or wrongdoings was not presented at trial.  All of the evidence presented at trial, including evidence showing the defendants' bias and their planning, are intrinsic to the conspiracies charged in Counts 1 and 2.

15. Court's Proposed Instruction No. 31

The government objects to this instruction because no evidence concerning a defendant's post-arrest statements to law enforcement was presented at trial.

Alternatively, if the Court chooses to include this instruction, the government respectfully requests removal of the phrase "and any evidence concerning the treatment while under interrogation if the statement was made in response to questioning by government officials" from the instruction.  None of the statements made to law enforcement officials admitted into evidence were made during an interrogation, as the defendants were free to leave and were informed that they could refuse to answer any questions.

16. Defendants' Supplemental Instructions:  Proposed Defense Instruction #21

The government objects to this instruction on the ground that the defendants are not charged with any conduct protected by the First Amendment.  While, in some cases under 18 U.S.C. § 241, the object of the conspiracy—such as a cross burning—may, under certain circumstances, constitute protected speech under the First Amendment, the object of the charged conspiracies in

this case are not similarly situated.[1]  There is no question that use of a weapon of mass destruction

is not First Amendment protected activity, nor is the use of threats, intimidation, and physical

violence to interfere with the housing rights of a victim due to that person's race, religion, or

national origin.  A defendant's speech for purposes of joining a criminal conspiracy is also not First

Amendment protected activity.  As there is no legal basis for including this instruction, the

government's objection should be sustained.

      17. <u>Defendants' Supplemental Instructions:  Proposed Defense Jury Instruction No. 22</u>

      The government opposes this instruction for two reasons.  First, as noted above in its

objections to the Court's Proposed Jury Instruction No. 14, the government requests that the aiding

and abetting instruction be eliminated so that the instructions better conform to the evidence.

Second, the instruction proposed by the defendants misleadingly suggests that the jury has only

three options: the jury must either find all three defendants guilty under a conspiracy theory or find

all three defendants guilty under an aiding and abetting theory or acquit all three defendants.  That

is not the state of the law.  The jury could find two defendants guilty of conspiracy but the third

guilty of aiding and abetting the conspirators.

      Although the government objects to the inclusion of any aiding and abetting instruction, if

the Court decides to include such an instruction, then the government's proposal would address the

defendants' concerns that their proposed unanimity instruction is intended to address.  Under the

---

[1] Both cases cited by the defense in support of this instruction are inapposite to the facts of this case.  Indeed, *Brandenburg* involved a cross burning that was ultimately determined to fall into the category of free speech, as it was not carried out in the manner of a threat directed to specific targets, and *Lee* involved deficiencies with jury instructions that did not allow the jury to consider whether a cross burning was, in fact, a threat, or whether it was free speech.  *See Brandenburg v. Ohio*, 395 U.S. 444, 448 (1969) (overturning statute under which defendant had been convicted because it improperly criminalized mere advocacy of the use of force to effectuate policy changes); *United States v. Lee*, 6 F.3d 1297 (8th Cir. 1993) (reversing conviction because of inadequate jury instructions concerning cross burning as potential expression of free speech).  No similar question about the charged conduct exists here.

government's proposal, the jury would be instructed first to decide whether all three defendants are guilty of conspiracy and, only after deciding that question, move on to decide whether one of the remaining defendants aided or abetted the conspiracy.  Sequencing the jury's deliberations will ensure that they reach a unanimous verdict for each defendant under both theories of liability.

   18. <u>Defendants' Supplemental Instructions:  Proposed Defense Jury Instruction No. 23</u>

   The defendants' revision of the Tenth Circuit's pattern instruction on aiding and abetting should be rejected.  The Supreme Court's holding in *Rosemond v. United States*, 134 S.Ct. 1240 (2014), was narrowly focused on resolving a circuit split about the elements to prove aiding and abetting a violation of 18 U.S.C. § 924(c), namely, whether a defendant could be convicted of aiding and abetting a violation of § 924(c) where he knew that others were engaged in a drug trafficking crime (or a crime of violence) but did not have advance knowledge that the others were using or carrying a firearm in furtherance of that predicate crime.  Because § 924(c) is a "double-barreled crime" that requires both (1) using or carrying a firearm (2) when engaged in a predicate "crime of violence or drug trafficking crime," the Supreme Court held that a defendant can be convicted of aiding and abetting a violation of § 924(c) only if he had advanced notice of both parts of the § 924(c) violation.  *Id*. at 1245; *see also United States v. Davis*, 750 F.3d 1186, 1192-93 (10th Cir. 2014).  The jury instructions at issue in *Rosemond* allowed for the possibility that the defendant knowingly participated in the predicate crime, but learned only afterwards that a firearm had been used or carried during the crime.

   Contrary to the defendants' arguments, the Tenth Circuit pattern instructions do take *Rosemond* into account.  Specifically, the Tenth Circuit pattern instruction incorporates the holding of *Rosemond* in the comments and specifically includes an additional element for aiding and

abetting a § 924(c) violation that accounts for the holding in Rosemond.  *See* Tenth Circuit Pattern

Criminal Instruction 2.06, 2011 version as updated in 2018 (instructing that "[w]hen the

government has charged a defendant with aiding and abetting a violation of 18 U.S.C. § 924(c), a

third element should be added," and reciting the elements required by *Rosemond*).

Importantly for this case, however, the Tenth Circuit pattern instruction remains unchanged

for aiding and abetting crimes other than violations of § 924(c).  That pattern instruction requires

that the defendant "consciously shared the other person's knowledge of the underlying criminal

act."  Unlike § 924(c) violations, where a defendant may be ignorant of an essential element of the

principal's offense, a defendant who "consciously shares" the others' knowledge of the conspiracy

to use a weapon of mass destruction as charged in Count 1 has all of the information necessary for

him to decide whether to aid or abet that crime.

19. Defendants' Supplemental Instructions:  Proposed Defense Jury Instruction No. 24

The government objects to the inclusion of an instruction on the affirmative defense of

entrapment.  The government respectfully incorporates its arguments and citations in its pretrial

Motion in Limine to Preclude Argument of Entrapment Absent a Requisite Showing, ECF 287

(March 12, 2018).

The reasons for precluding any argument or instruction on entrapment are highlighted now

that all of the evidence has been submitted:  the defendants have failed to make the threshold

showings of *both* government inducement *and* lack of predisposition that are necessary to obtain

this instruction.  *Mathews v. United States* 485 U.S. 58, 63 (1988) (requiring evidence of both

factors before an entrapment instruction may be given).  Significantly, evidence for both prongs of

the entrapment defense must be more than self-serving statements by the defendants.  *United States*

*v. Ortiz*, 804 F.2d 1161, 1165-66 (10th Cir. 1986).

Here, the defendants have provided no evidence of either prong—there is no evidence that the government induced the defendants into the charged offenses by creating "a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense," *United States v. Scull*, 321 F.3d 1270, 1275 (10th Cir. 2003) (internal quotation marks omitted), nor is there any evidence that the defendants were not otherwise predisposed to commit these crimes, *United States v. Lampley*, 127 F.3d 1231 (10th Cir. 1997). Tellingly, defendants did not even attempt to address these questions in the memorandum they filed in support of their supplemental jury instructions. *See* Doc. 375 (addressing the legal basis for a proposed aiding and abetting instruction, but not for an entrapment instruction). The unrebutted evidence at trial was that the defendants spoke passionately about their commitment to attacking and killing Muslims; that all three defendants sought to recruit others to join them; that all three defendants spent hours discussing potential targets, plans for the attack, and explosives; and that defendants Allen and Wright independently manufactured homemade explosives and tested blasting caps to use in the attack outside of the presence of the confidential human source. Given this evidence, the defendants have failed to make the necessary threshold showing that would qualify them to receive the entrapment instruction. In light of this, the Court should reject the instruction and preclude the defendants from making any entrapment arguments to the jury, as any other ruling would invite jury nullification.

Respectfully submitted,

Stephen R. McAllister
United States Attorney

*Anthony W. Mattivi*
ANTHONY W. MATTIVI

13

Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov


*Risa Berkower*

RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov


*Mary J. Hahn*

MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on the __16th__ day of April 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*Risa Berkower*

Risa Berkower

14