# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 16-10141-01,02,03-EFM |
| | ) | |
| CURTIS WAYNE ALLEN, | ) | |
| PATRICK EUGENE STEIN, and | ) | |
| GAVIN WAYNE WRIGHT, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## <u>INSTRUCTIONS TO THE JURY</u>

INSTRUCTION NO.   1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to instruct you on the law applicable to this case.  In the interest of clarity, I will read the instructions to you and each of you has a copy of the instructions to use in the jury room.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

INSTRUCTION NO. ___2___


I will be reading each count of the indictment to you before I provide specific instructions on that count.  You should keep in mind that an indictment is simply a formal method of accusing a defendant of a crime.  It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt.  It is a mere charge or accusation—nothing more and nothing less.

INSTRUCTION NO. ___3_____

You will notice that each count of the indictment charges that the crime was committed "on or about" a certain date. It is not necessary that the proof establish with certainty the exact date of the alleged crime.  It is sufficient if the evidence shows beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

INSTRUCTION NO. ___4___

       A separate crime is charged in each count of the indictment and against one or more defendants in each count of the indictment.  You must separately consider each count and the evidence pertaining to each count.  You must also separately consider the evidence against each defendant on each count.  The rights of each defendant in this case are separate and distinct. Thus, the fact that you may find one defendant guilty or not guilty as to one of the crimes charged must not influence your verdict as to any other count or any other defendant.  You must return a separate verdict for each count and for each defendant.  Your verdict with respect to each count and each defendant must be unanimous.

INSTRUCTION NO. ____5____


Defendants have entered pleas of "not guilty" to each of the charges contained in the indictment.  These pleas put in issue every element of the crimes charged, and therefore it is the burden and responsibility of the government to prove beyond a reasonable doubt every element of the crimes charged.

INSTRUCTION NO. ___6___

The law presumes a defendant to be innocent of crime. This presumption remains with each defendant throughout the trial. Thus, a defendant, although accused, begins the trial with a "clean slate," with no evidence against him, and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the defendant now on trial, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence.

INSTRUCTION NO. ___7___

Burden of proof means burden of persuasion.  The burden is always upon the government to prove beyond a reasonable doubt every essential element of the crimes charged.  The law does not require the defendant to prove his innocence in any way.  In determining whether or not it has met this burden, you must consider all the evidence.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt.  It is proof so convincing that you would not hesitate to rely and act upon it in the most important of your own affairs.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof beyond a shadow of a doubt or proof that overcomes every possible doubt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all evidence in the case.

If the government fails to prove a Defendant's guilt of a charged offense beyond a reasonable doubt, you must find that Defendant not guilty of that offense.  If you are convinced the government has proved a Defendant's guilt beyond a reasonable doubt, you must find the Defendant guilty of that offense.

INSTRUCTION NO. _____8_____

Counts 1 and 2 of the Indictment are both conspiracy charges.  Bear in mind that the indictment sets forth two separate conspiracy charges.  Count 1 charges conspiracy to use a weapon of mass destruction.  Count 2 charges a conspiracy to injure, oppress, threaten, or intimidate residents in the free exercise of their fair housing rights.  These are separate charges, and you should consider each one separately from the other.

In a moment, I will read each count and give you specific instructions on how to analyze each count.  Before doing so, however, I wish to give you some general instructions on conspiracy.  Proof of the existence of a conspiracy is integral to both Counts 1 and 2 of the ~~instructions~~Indictment.

For you to find that each defendant, if any, was a member of the charged conspiracy, the government must prove beyond a reasonable doubt each of the following:

*First*: the defendant agreed with at least one other person to violate the law, as charged in the indictment.

*Second*: the defendant knew the essential objective of the conspiracy.

*Third*: the defendant knowingly and voluntarily participated.

*Fourth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

A conspiracy is, in a very true sense, a partnership in crime.  The crime of conspiracy is the agreement itself.  It does not matter whether the purpose was accomplished.  The government

10

is not required to prove that the parties to, or members of, the conspiracy were successful in achieving any or all of the objectives of the conspiracy.

A conspiracy need not be formal, written, or expressed directly.  It is not necessary for all members of the conspiracy to join at the same time.  What the government must prove is that there was a mutual understanding or agreement, either spoken or unspoken, between two or more people (in addition to any government agent or informant who may have been involved) to try to accomplish a common and unlawful plan.  You may find that the existence of a conspiracy has been established by direct proof.  However, because a conspiracy is, by its nature, characterized by secrecy, you also may infer its existence from the circumstances of this case and the conduct of the parties involved, including acts done with a common purpose.

INSTRUCTION NO. _____9_____


If you find a Defendant joined an ongoing conspiracy, you may hold that Defendant accountable for any acts or statements by any of his co-conspirators that occurred prior to his entry into the conspiracy if those acts or statements were in furtherance of the conspiracy.

INSTRUCTION NO. ____10____

One or more defendants have raised the affirmative defense of withdrawal from the conspiracy in Count 1 and/or Count 2.

If you find the defendant was a member of the conspiracy charged in Count 1 or Count 2, then you must determine whether the defendant thereafter withdrew from that conspiracy.

In order to find that the defendant withdrew from the conspiracy, you must be convinced that the defendant has proven by a preponderance of the evidence that he took an affirmative step to either defeat the purpose of the conspiracy or to tell his coconspirators that he was no longer participating in the conspiracy.

INSTRUCTION NO.     11

Count One of the Indictment reads as follows:

Beginning on an unknown date, prior to approximately June 14, 2016 and continuing until on or about October 14, 2016, in the District of Kansas, and elsewhere, the defendants,

**CURTIS WAYNE ALLEN,**

**PATRICK EUGENE STEIN, and**

**GAVIN WAYNE WRIGHT,**

without lawful authority, conspired with each other to use a weapon of mass destruction, that is, a destructive device as defined by Title 18, United States Code, Section 921, against people and property within the United States, and (a) the mail and a facility of interstate and foreign commerce was used in furtherance of the offense; (b) the property that was the target of the offense was used in interstate and foreign commerce; (c) a perpetrator travelled in and caused another to travel in interstate commerce in furtherance of the offense; and (d) the offense, and the results of the offense, would have affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2 & 2332a(a)(2).

INSTRUCTION NO. _____12_____

Section 2332a(a)(2) of Title 18, the offense charged in Count 1, reads, in relevant part:

A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction—

**(2)** against any person or property within the United States, and

**(A)** the mail or any facility of interstate or foreign commerce is used in furtherance of the offense;

**(B)** such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce;

**(C)** any perpetrator travels in or causes another to travel in interstate or foreign commerce in furtherance of the offense; or

**(D)** the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, attempt, or conspiracy, would have affected interstate or foreign commerce * * *

[shall be guilty of an offense]

15

INSTRUCTION NO. ___13___

As to each defendant, to find him guilty of conspiracy to use a weapon of mass destruction as alleged in Count 1 of the indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt with respect to that defendant:

*First*: that the defendant, without lawful authority, knowingly conspired with one or more persons , (not counting excluding any law enforcement agent or government informant), to use a weapon of mass destruction against people and property within the United States; here, the indictment alleges that the weapon the defendants conspired to use was a destructive device; and

*Second:* the defendant did not have lawful authority to use the weapon of mass destruction; and

*Third**Second*:   That the offense affected interstate or foreign commerce — or would have affected interstate or foreign commerce, had the offense been completed as agreed —through at least one of the means described below.

A.     The mail or any facility of interstate or foreign commerce was used to further the offense *or* that the mail or a facility of interstate or foreign commerce *would have been* so used had the conspiracy been carried out.

B.     The property destroyed – or targeted for destruction – was property used in interstate or foreign commerce or property used in an activity that affects interstate or foreign commerce.

C.     One of the perpetrators traveled – or caused another to travel – in interstate or foreign commerce to further the offense *or* that, had the conspiracy been carried out, one of the

~~perpetrators would have traveled in interstate or foreign commerce or would have had another do so in order to further the offense~~.

D.      The offense – or the results of the offense – affected interstate commerce *or* that the offense *would hav*e affected interstate ~~or foreign~~ commerce if fully carried out.

In determining whether the government has proven that a conspiracy existed, you should apply the general conspiracy instructions I just gave you.

The term "weapon of mass destruction" means a destructive device.  A destructive device includes any explosive or incendiary bo<u>mb</u>~~nd~~ or a grenade; or a device similar to any of those devices; or any combination of parts either designed or intended for use in converting any device into any destructive device described above and from which a destructive device may be readily assembled.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

The term "facility of interstate commerce" includes means of transportation and communication<u>, including the Internet</u>.

If you decide that there was ~~a substantial~~ <u>any</u> effect on interstate or foreign commerce, then that is enough to satisfy this element.  All that is necessary is that the natural and probable consequence of the acts ~~the defendant~~ <u>that a defendant</u> took would be to ~~substantially~~ <u>have any effect on</u> ~~affect~~ interstate ~~or foreign~~ commerce.

In considering the final factor, whether the conspiracy affected or would have affected

interstate or foreign commerce through one of the four specific means I have described, I instruct you that the government need not prove all four of these means.  Proof of any one of them is sufficient.  Furthermore, you need not agree on which of the means have been proven beyond a reasonable doubt, so long as you all agree that the government has proved, beyond a reasonable doubt, that the offense would have affected commerce through one of the means I have just explained to you.

In determining whether property destroyed—or targeted for destruction—by the persons involved in the charged conspiracy was property used in an activity affecting interstate commerce, I instruct you that a building that contains a commercial enterprise is used in an "activity affecting interstate commerce."  Such a commercial enterprise includes rental activity.  If you find that the government proved beyond a reasonable doubt that an object of the conspiracy was to destroy a building used in commercial rental transactions, then you may find that it has satisfied its burden of proof with respect to this element.

The government need not prove that any defendant intended that the offense affect interstate commerce or even that any defendant was aware that the offense had an effect on interstate commerce or that, if the object of the conspiracy were achieved, the offense would have an effect on commerce.

INSTRUCTION NO. ___14____

Count 1 of the Indictment also charges a violation of 18 U.S.C. § 2, which provides that "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else to commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt with respect to that defendant:

**First**:          Someone else committed the charged crime, and

**Second**:          The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.  However, the defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.

INSTRUCTION NO.  ___15___

Count Two of the Second Superseding Indictment reads as follows:

Beginning on an unknown date, prior to approximately June 14,  2016 and continuing until on or about October 14, 2016, in the District of Kansas, and elsewhere, the defendants,

**CURTIS WAYNE ALLEN,**
**PATRICK EUGENE STEIN, and**
**GAVIN WAYNE WRIGHT,**

knowingly and willfully combined, conspired, and agreed with each other to injure, oppress, threaten, and intimidate the residents of 312 West Mary Street in the free exercise and enjoyment of rights and privileges secured to them by the laws and Constitution of the United States; that is, the right to sell, purchase, rent, and occupy a dwelling without injury, intimidation, and interference because of race, national origin, and religion.

All in violation of Title 18, United States Code, Section 241.

As charged in this Count, the term "residents of 312 West Mary Street" refers to the residents, tenants, and owners of an apartment complex located at 312 West Mary Street in Garden City, Kansas, as well as to guests of the residents, tenants, and owners at the complex.

INSTRUCTION NO.  ____16____

Section 241 of Title 18 of the United States Code, the offense charged in Count 2, reads as follows:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State * * * in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same * * * [they shall be guilty of an offense].

INSTRUCTION NO. _____17_____

As to each defendant, to find him guilty of conspiracy to violate Section 241, as alleged in Count 2 of the Indictment, you must be convinced that the government has proved each of the following ~~three~~ two elements beyond a reasonable doubt, with respect to that defendant:

First, ~~T~~that the defendant conspired with one or more persons~~,~~ (not including ~~excluding~~ any law enforcement agent or government informant), to injure, oppress, threaten or intimidate one or more individuals, present within the United States~~;~~, and

Second, in doing so, the defendant intended to interfere with the person's free exercise or enjoyment of a right protected by the laws of the United States; here the Indictment alleges that the right at issue is the ~~victims'~~ right of the residents of 312 West Mary Street to sell, purchase, rent, or occupy a dwelling without injury, intimidation, or interference because of their race or their~~,~~ national origin, or their religion.

In deciding whether the government has proved that a conspiracy existed you should apply the general conspiracy instructions that I previously gave you. You should also apply the definition of the term "residents of 312 West Mary Street" that I previously gave you.

The protected federal right involved in this case is the right of every person within the United States to occupy his or her home without intimidation or interference because of race, or religion, or national origin. This guarantee encompasses all of the rights normally associated with a person's occupation of a home, including the right to live in a home without fear or intimidation. The law also guarantees that everyone in the United States may sell, purchase, or rent a dwelling without anyone involved in the transaction experiencing threats, intimidation, or physical harm because of the race, or the religion, or the national origin of anyone else involved in the transaction.

The words "injure," "oppress," "threaten," and "intimidate" may cover a variety of conduct intended to harm, frighten, punish, or prevent the free action of others through the use or

threat of force.  There is no requirement that any victim actually suffered physical harm or that any victim was actually injured, oppressed, threatened, or intimidated by the actions of the defendant, as long as you find that the defendant intentionally entered a conspiracy to do these things.

It is not necessary for the government to prove that any defendants were thinking in legal terms or that they knew that their action would violate federally protected housing rights. You also need not find that the conspirators acted – or planned to act—solely because of race or , national origin or religion of the residents of 312 West Mary Street, or that the conspirators acted or planned or to act solely to interfere with these residents' housing rights.  But in order to convict, you must find that the crime would not have occurred but-for the race, or the religion, or the national origin of the tenants of 312 West Mary Street. But it is essential that you find that if the residents of the Mary Street building had not been black, Somali, or Muslim, the conspiracy outlined in Count 2 of the Indictment would not have occurred. It is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt that the crime was motivated by the "race" **or** the "religion" **or** the "national origin" of the tenants of 312 West Mary Street.   In order to return a guilty verdict, however, all twelve of you must agree that the same motivation has been proven.

You may also infer that a person ordinarily intends all the natural and probable consequences of an act he or she knowingly takes. In other words, you may in this case infer and find that a defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from his acts.  It is entirely up to you, however, to determine what inferences to draw from the evidence.

INSTRUCTION NO. _____18_____

Count 6 Three of the Second Superseding Indictment reads as follows:

On or about October 12, 2016, in the State and District of Kansas, the defendant,

**GAVIN WAYNE WRIGHT,**

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the Executive Branch of the government of the United States.  Specifically, in an investigation of an offense involving domestic terrorism as defined in Title 18, United States Code, Section 2331, defendant WRIGHT made the following false statements to a Special Agent of the FBI:  (1) that WRIGHT did not know anything about defendant ALLEN manufacturing explosive devices at WRIGHT's business, G&G Homes; (2) that WRIGHT had no knowledge of any explosives being located on the premises of his business, G&G Homes; (3) that WRIGHT was not a member of a militia; (4) that defendant ALLEN had not invited WRIGHT to a meeting of the Kansas Security Force ("KSF"); and (5) that WRIGHT had provided the FBI with all of his personal knowledge about ALLEN during the interview.  In truth and in fact, as defendant WRIGHT well knew, his statements to the Special Agent of the FBI were false and were intended to mislead the FBI as to WRIGHT's knowledge of and personal involvement in the allegations contained in Counts 1– 5 One and Two of this Second Superseding Indictment.

All in violation of Title 18, United States Code, Section 1001.

INSTRUCTION NO. _____19_____

Section 1001(a)(2) of Title 18, which ~~the~~ defendant Gavin Wright is charged with violating in Count ~~6~~Three, reads in relevant part as follows:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- * * *

 (2) makes any materially false, fictitious, or fraudulent statement or representation; * * *

[shall be guilty of an offense]

25

INSTRUCTION NO. _____20_____

Note that Count 6 Three charges only Defendant Gavin Wayne Wright.  To find defendant Wright guilty of the crime charged in Count 6Three, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First:*  That the defendant made one of the false, fictitious, or fraudulent statement or representations to the government, below:

A.      That defendant Wright did not know anything about defendant Allen manufacturing explosive devices at defendant Wright's business, G&G Homes;

B.      That defendant Wright had no knowledge of any explosives being located on the premises of his business, G&G Homes;

C.      That defendant Wright was not a member of a militia;

D.      That defendant Allen had not invited defendant Wright to a meeting of the Kansas Security Force ("KSF"); and

E.      That defendant Wright had provided the Federal Bureau of Investigation ("FBI") with all of his personal knowledge about defendant Allen during the interview.

Here, the Indictment alleges that the defendant made such a statement to a Special Agent of the Federal Bureau of Investigation (FBI).

*Second:*  That the defendant made the statement knowing it was false;

*Third:*  That the defendant made the statement willfully, that is deliberately, voluntarily and intentionally, knowing that doing so was unlawful;

*Fourth:*  That the statement was made in a matter within the jurisdiction of the executive branch of the United States government, and

26

*Fifth:*   That the statement was material to the ~~agency~~ FBI's investigation.

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the government agency to which it was made, here the FBI.

It is not necessary that the FBI was in fact influenced in any way by the statement.

The indictment sets forth five separate statements, each of which is alleged to be materially false, fictitious or fraudulent.  You need not unanimously agree that each and every statement was materially false or fraudulent, or fictitious, but, in order to convict, you must unanimously agree that at least one statement is false, fictitious, or fraudulent *and* you must all unanimously agree on which statement that was.

27

INSTRUCTION NO.   21

In your deliberations, you must consider only the sworn testimony of the witnesses and the exhibits I admitted into evidence.  You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You may consider only the evidence offered in this courtroom, and these instructions I am giving you.  You should not rely on any other facts or authority.  Specifically, you should not do any computer research on your own about any matters relating to this case, you should not look up words in a dictionary for definitions different or beyond what I give you here, and you should not consult any other similar sources.

Counsels' questions are not evidence.  Only the witnesses' answers are evidence. Additionally, counsels' statements and arguments are not evidence unless they are admissions or stipulations.  When the attorneys for both parties agree that a particular fact exists, that is referred to as a "stipulation" and the jury must accept that stipulation as true.

INSTRUCTION NO. ___22___

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual personal knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of some facts or a chain of facts and circumstances from which you could find that other facts exist, which indicate either the guilt or innocence of a defendant. You are entitled to consider both kinds of evidence. The law does not distinguish between the weight to be given to direct and circumstantial evidence. It requires only that you weigh all of the evidence.

INSTRUCTION NO. _____23_____

        Certain testimony has been given in this case by experts; that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to mankind in general.  The law permits such persons to give their opinions regarding such matters.  The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive the same weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.

INSTRUCTION NO. ___24___

At times during trial, I ruled on the attorneys' objections to admitting certain items into evidence.  Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings.  Consider only the evidence admitted.

Some evidence is admitted for a limited purpose only.  When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

Some of the exhibits may contain redactions.  The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted.  You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO.   25

The weight to be given the evidence is determined not by the number of witnesses or the amount of testimony produced by either side, but by the credibility of the witnesses and the nature and quality of their testimony.  The evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in this case, and you would be justified in returning a verdict in accordance with such testimony even though a number of witnesses gave conflicting testimony, if from the consideration of the whole case and the reliability and credibility of the various witnesses you believe the one witness as opposed to the greater number of witnesses.

INSTRUCTION NO.    26

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness you should consider the witness's relationship to the government or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by either direct or circumstantial evidence.  I caution you, however, that the process of drawing inferences from the evidence is not a matter of guesswork or speculation.  In order to return a verdict of guilty, you still must be satisfied that the government has proved ~~each~~ a defendant's guilt beyond a reasonable doubt on all of the elements of the offense~~s~~ with which ~~each~~ the defendant is charged.

33

INSTRUCTION NO. ___27___

In this trial you have heard testimony from, Dan Day, who was an informant ~~and agent of~~ for the FBI. An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence.

You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, ~~by an agreement he has with the government~~, by his own interest in the outcome of the case, by monetary interest, or by prejudice against one or more of the defendants.

~~You should not convict any defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.~~

INSTRUCTION NO.     28

The testimony of a witness may be discredited or "impeached" by showing that his or her testimony at trial differs in some significant way from statements this witness made before the trial.  This difference may be direct, where the witness's prior statements literally contradict the trial testimony, or it may be indirect, as where a witness provides testimony at trial the witness did not reveal earlier when he or she had the opportunity and reason to speak and did not do so, and, further, does not provide an adequate explanation for the silence.  You are to decide if the explanation is adequate.

You are to determine the weight, if any, to be given a witness's testimony whose trial testimony varies from the witness's earlier statements.  If you conclude a witness has knowingly testified falsely about any matter, you may distrust that witness's testimony regarding any other matters.  You may reject that witness's testimony completely or give it such weight as you think it deserves.  These earlier statements were brought to your attention solely for your determination of how believable their testimony in this trial was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating their testimony here in court.

INSTRUCTION NO. ___29___

You have heard evidence of other crimes, acts, or wrongdoings engaged in by the defendants. You may consider that evidence only as it bears on each defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident, and for no other purpose. Of course, the fact that a defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

INSTRUCTION NO. ___30_____

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

INSTRUCTION NO.   31

Evidence relating to any statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made. In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, ~~and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials,~~ and all the other circumstances in evidence surrounding the making of the statement. After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely. Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

INSTRUCTION NO. __32____

In considering the evidence, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

INSTRUCTION NO.     33

The defendants did not testify and I remind you that you cannot consider their decision not to testify as evidence of their guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. ___34___


The punishment provided by law for the crimes charged is a matter exclusively within the province of the Court and may not be considered by the jury in any way in deciding whether any defendant is guilty or not guilty of the charged crimes.

INSTRUCTION NO.    35   

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case.  If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

You will now hear closing arguments from counsel.  Because the Government has the burden of proof, it is entitled to split its argument time to go first and last.  Following closing arguments, I will have a few remaining instructions to give you concerning your deliberations.

INSTRUCTION NO. ___36___

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans.  You are judges—judges of facts.  Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. ___37___

The Court has permitted you to take notes during this trial, if you wanted.  If you did take notes, remember that any notes that you have taken are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  Your notes are not evidence.

If you did not take notes, you should not be influenced by the notes of other jurors but should rely on your independent recollection of the evidence.  Even if you did take notes, you should not be unduly influenced by the notes of other jurors if they differ from yours.  There can be a tendency to attach too much importance to what someone has written down, but notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.  Remember, something that may not have seemed important at the time, and thus was not written down in your notes, may take on greater importance later in the trial in light of all the evidence presented, the Court's instructions on the law, and the final arguments.

Therefore, don't attach undue importance to your notes, or be unduly influenced by another juror's notes.  Your notes are not evidence, and are by no means a complete summary of the trial.  They are only an aid to your memory, and it is your collective memory that is your greatest asset in deciding this case.

INSTRUCTION NO. _____38_____

A final suggestion by the court--ᴄnot technically an instruction upon the law--ᴄmay assist your deliberations.  The attitude of jurors at the outset of and during their deliberations is important.  It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict.  The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice.  This presupposes and requires deliberation--counseling together in an effort to agree.  Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties.  You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been admitted.  No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. ___39___

Upon retiring to the jury room you should first select one of your number to act as your foreperson, who will preside over your deliberations and be your spokesperson here in court. The second thing you should do is read the court's instructions.  One of the purposes of the instructions is to guide your deliberations.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based but, for your verdict to be valid, you must follow the court's instructions throughout your deliberations.  Remember, you are judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A form of verdict has been prepared for your convenience.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then notify my clerk that you have reached a verdict.  The foreperson will carry the completed verdict form into the courtroom and hand it to the clerk when instructed to do so.

INSTRUCTION NO. _____40_____

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson or one or more of you, and pass the note to my clerk, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

During your deliberations, you must also not communicate with, or provide any information to, anyone about this case by any means. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

_____
Date

_____
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE