**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CR-10141-EFM |
| | ) | |
| GAVIN WAYNE WRIGHT, | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**DEFENDANT WRIGHT'S REPLY TO
GOVERNMENT'S RESPONSE
TO DEFENDANTS' RENEWED MOTION
FOR JUDGMENT OF ACQUITTAL (Doc. 383)**

**I.    THE GOVERNMENT MISREPRESENTED TO THE JURY BINDING 10TH CIRCUIT LAW REGARDING THE MATERIALITY ELEMENT OF COUNT 3.**

During the Government's rebuttal during closing argument, the Assistant United States

Attorney made the following statement to the jury:

> [Defense counsel] also mentioned to you that there's no evidence on this issue of materiality. Folks, *the Government has no obligation to provide you evidence* of what's obvious. And what's obvious or what should be obvious to you after you watch that video is how differently things would have gone on October 12th if Gavin Wright, when given the opportunity, had told the truth. That's what's material. That's what makes that statement material, is how that – how differently that day would have gone.

The Government failed to point to any evidence of materiality beyond Kansas Bureau of

Investigation Special Agent Adam Piland's testimony, and instead relies on Exhibit 138 itself as

"self-proving" evidence of materiality. This was a veiled attempt to resurrect the Government's

prosecution, as the Government's statement implies a concession: that the Government did not,

in fact, present evidence on the element of materiality and tries to elevate "obviousness" to the

level of actual evidence to fix its error.

The Government misrepresented the law to the jury during its rebuttal in closing argument, providing defense counsel no opportunity to reply. The Court did not raise the issue *sua sponte* at the time, nor did it address the issue in its final instructions to the jury. The statement was a false representation of the law in the following ways, addressed *infra*: (i) the Government stated unequivocally to the jury that it had no obligation to admit evidence on an element of the offense, (ii) the Government's representations implied that the jury was permitted to render decisions on "what should be obvious," *i.e.* inferences and common sense instead of facts admitted into evidence, and (iii) the Government's misrepresentation of the standard of materiality, implying that the standard is what would have occurred had the defendant told the truth, instead of the effect that such statements could reasonably have had on the listener *i.e.* the FBI. The Government has now clarified its argument in its response, stating that "[t]he Government does not need to present any direct evidence specifically for the purpose of proving the false statements were material," (Government's Response to Defendant's Renewed Motion for Judgment of Acquittal, herein "Response," at 3), and that "[t]he evidence admitted at trial establishes that the false statements were material." (Response at 4).

**II.    THE GOVERNMENT MISREPRESENTED TO THE JURY ITS CONSTITUTIONAL OBLIGATION TO ADMIT AT LEAST SOME EVIDENCE ON EVERY ELEMENT OF THE OFFENSE, INCLUDING MATERIALITY.**

The Government has the burden of presenting "sufficient evidence" on each element of an offense, which means that at a minimum the Government has the burden of presenting at least *some* evidence of each element of an offense in order to support a conviction. *See Adams v. Williams*, 407 U.S. 143, 149 (1972)("Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction"); *McGee v. United States*, 402 F.2d 434, 437 (10th Cir. 1968)("When it is demonstrated that, viewing the

evidence in context, there was sufficient evidence *on each element* of the offense from which the jury could find the accused guilty beyond a reasonable doubt, the conviction will be sustained"). In the context of a § 1001(a)(2) offense, the Government appears to ignore United States Supreme Court precedent which specifically states that "the materiality of a statement *rests upon a factual evidentiary showing*." *United States v. Kungys*, 485 U.S. 759, 774 (1988)(emphasis added). And such evidence must rest upon the testimony or representations of the agency to whom such statements were made that bear – directly or circumstantially – on the issue of whether false statements do, in fact, have a tendency *i.e.* a reasonable likelihood of influencing the agent listeners. Circumstantial evidence may be of a nature in which the ultimate issue of fact is not testified to (*i.e.* direct evidence, such as an agent testifying that "the statement could have influenced our decision to do X"), but comes in the guise of an agent explaining why such statements are important to a decision to be made, or the impact such statements could have on such a decision. The Government confuses *inferences* with circumstantial evidence. Inferences can only be reasonably made *based on* circumstantial evidence, but they still must be based on actual evidence. If there is zero evidence on which to base such an inference, then no inference made can be said to be reasonable or rational. Despite this, the Government cites no binding authority for its supposition that "the government does not need to 'present any testimony or other evidence specifically for the purpose of establishing the materiality of the defendant's false statement," that that "the jury can infer from other evidence that the false statement 'was capable of affecting' the agency's functions.'" (Response at 4).

Instead, the Government cites to non-binding cases for its proposition. Specifically, the Government cites *United States v. Verrusio*, 762 F.3d 1 (2010) and *United States v. Moore*, 612 F.3d 698 (2010), both out of the District of Columbia Circuit. The Government puts its faith only

on an unpublished decision of the Tenth Circuit, which it cites for the proposition that the court

"must consider circumstantial as well as direct evidence, and allow the Government the benefit

of all reasonable inferences from the facts proven to those sought to be established." (Response

at 4, citing *United States v. Cox*, 150 F. Appx. 204, 205 (10th Cir. 2005)(unpublished)). While

true, the Government ignores the sentence of the Tenth Circuit immediately preceding its

citation, in which the appellate court "has defined 'substantial evidence,' in the context of a

criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Cox*, 150 at

205. In other words, while the jury may be allowed to rely on circumstantial as well as direct

evidence, the key is that there must still be at least *some* evidence on the element. And in this

case, there was zero evidence admitted at trial on the issue of materiality in Count 3.

But the Government not only failed to present *any* evidence on materiality.  It went one

step further and expressly stated to the jury that it had no obligation to present evidence on the

element because it was "obvious" that had the defendant been truthful, the events of October 12

would have gone differently. Without regard to the fact that the Government utterly misstated the

legal standard on materiality, *infra*, the Government's appeal to "obviousness" is a pretextual

appeal to the jury to substitute its common sense for actual evidence – direct *or* circumstantial –

on the element of materiality, violating the precept that "common sense is no substitute for

evidence," as expressed in the defendant's original motion. *United States v. Durham*, 211 F.3d

437, 441 (7th Cir. 2000)(cited by Tenth Circuit in *United States v. McBride*, 656 Fed. Appx. 416,

422 (10th Cir. 2016)(unpublished)); *also* (Defendant Wright's Renewed Motion for Judgment of

Acquittal, Doc. 376, herein "Motion," at 3-4).

**III.  THE GOVERNMENT MISREPRESENTED TO THE JURY THAT "OBVIOUSNESS" MAY BE SUBSTITUTED FOR ACTUAL EVIDENCE ON THE ISSUE OF MATERIALITY.**

The Government represented to the jury that it had no obligation to present evidence on

anything so "obvious" as to how Wright's statements would have impacted the investigation had

he been truthful. However, stating to the jury that these conclusions were "obvious" was a

pretextual appeal to their speculation or common sense as a substitute for actual evidence.

However, the Tenth Circuit has held that the Government's theoretical view of evidence is

flawed:

> Recognizing its entire prosecution is built upon circumstantial evidence, the government depends upon inferences to carry its burden. A principle the government has overlooked, however, is probative inferences 'must be more than speculation and conjecture.' 'A jury [may] not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such a finding is infirm *because it is not based on the evidence*. Although we noted in *Sunward* [*Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 521 (10th Cir. 1987)] a reasonable inference and mere speculation may be difficult to distinguish, we adopted the approach of the Third Circuit:
>
> The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow from a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts.
>
> *Additionally, 'the essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.'*
>
> *We cannot permit speculation to substitute for proof beyond a reasonable doubt. Even though rational jurors may believe in the likelihood of the defendants' guilt, as they probably did in this case, they may not convict on that belief alone. It cannot be equivocated that a conviction without supporting evidence must fall*.

*United States v. Jones*, 49 F.3d 628, 632-633 (10th Cir. 1995)(internal citations

omitted)(emphasis added). In this case, the Government clearly relied not on evidence in the

record to carry its burden, but on the jury's speculation regarding what was "obvious." Binding authority of the Tenth Circuit clearly states that appeals to such speculation in the absence of actual evidence – circumstantial or direct – cannot support a conviction where there is no evidence to support the conviction.

In this case, the Government makes no argument regarding evidence that *was* admitted, but argues that it had no obligation to present evidence at all. In accordance with binding Tenth Circuit precedent, the defendant's conviction under Count 3 cannot be sustained by the jury's speculative inferences as to materiality, especially in light of what is clear from the evidence: that the *only* evidence whether the statements alleged in Count 3 were material was, in fact, Agent Piland's testimony wherein he testified that he had no idea whether such statements could have or would have influenced a decision that the FBI or its agent, Agent Robin Smith, made. Agent Smith never took the stand, and so he never testified as to the potential that such statements could have influenced his decision-making process in the midst of the investigation. Agent Kuhn, who did take the stand, was never examined on this issue. No documents or notes were admitted into evidence representing that the defendant's *denials* could have changed the course of the investigation in any way, shape or form. There is simply zero evidence on the issue, and therefore the jury's finding of guilt on the issue of materiality amounts to mere speculation regarding whether the statements could have influenced the FBI or Agent Smith.

Furthermore, such a statement misled the jury on the law, suggesting that the standard for materiality is how events *would have* played out had the defendant been truthful instead of making false statements. The Government's appeal to the jury to speculate on what may have been, notwithstanding, the legal standard is not how events may have been different, but whether the statements have a natural tendency to influence the decisionmaker. In this case, the only

evidence on the issue came from Agent Piland, a KBI agent, who testified that he had no idea whether those statements would have or could have changed any decision of Agent Smith or the FBI.

## IV.     THE GOVERNMENT MISREPRESENTED TO THE JURY THAT THE STANDARD FOR MATERIALITY WAS "WHAT MAY HAVE BEEN" HAD THE DEFENDANT TOLD THE FBI TRUE STATEMENTS INSTEAD OF FALSE STATEMENTS.

The Government implied to the jury that the standard for materiality somehow rested on its speculation of what the FBI or Agent Smith might have done had Wright's statements been true. This is a total misrepresentation of the law on materiality, *infra* and *supra*, and therefore cannot be used to sustain a conviction on Count 3.

## V.     THE GOVERNMENT ERRONEOUSLY SUGGESTS THAT SELF-SERVING STATEMENTS ARE *PER SE* MATERIAL.

First, the Government cites to zero binding authority to support its proposition that "evidence that a defendant made self-serving statements to deflect suspicion from himself is sufficient to satisfy the element of materiality." (Response at 5). Instead, the Government relies on cases out of the Third Circuit and Seventh Circuit for the proposition that "courts have routinely found" the above. *Id*. (citing *United States v. McBane*, 433 F.3d 344 (3rd Cir. 2005); *United States v. Lupton*, 620 F.3d 790 (7th Cir. 2010); *United States v. Turner*, 551 F.3d 657 (7th Cir. 2008)). Furthermore, it conflates materiality under § 1001(a)(1), which links materiality to federal government jurisdiction, whereas materiality under § 1001(a)(2) links materiality to the statements themselves.

Second, the error in the Government's logic is that it would turn *every* self-serving statement into a *per se* material statement. Falsity and materiality exist as *separate and distinct*

elements of the offense. In the theoretical sense, *every* knowingly false statement is – in some way – self-serving, as a means of "throwing off the scent" of law enforcement. However, the Government's suggestion would render the materiality requirement of the offense moot in every instance in which a statement made was false, because it equates falsity with self-servingness and self-servingness with materiality. After all, why would a person make an untrue statement to law enforcement *except* to attempt to cause law enforcement to change its course?

This would produce an absurd result, because Congress and the Supreme Court have clearly held that materiality is, in fact, an element of the crime *separate* from its falsity which the Government must prove beyond a reasonable doubt. The Government attempts to combine the self-serving nature of a false statement into the materiality requirement, and thus to make an end-run around the materiality element. Furthermore, it would undermine binding authority on the issue.

The Tenth Circuit, in binding authority, has expressly and unequivocally upheld the standard set forth in *United States v. Weinstock*, 231 F.2d 699 (D.C. Cir. 1956) since the 1960's. *Gonzales v. United States*, 286 F.2d 118 (10th Cir. 1960; *United States v. Daily*, 921 F.2d 994 (10th Cir. 1990). The *Weinstock/Gonzalez* standard for materiality is whether the statement has a reasonable likelihood of influencing the *listener*. But the Government would have this Court overturn those decades of binding precedent to change the standard for materiality to the *declarant's intent* in making such a statement, thus putting two different standards in play: the declarant's intent in making the statement, versus the impact of such statements on the listener. No court of binding authority has held that the declarant's intent is the standard. And holding that just because a false statement is self-serving is sufficient bears only on the declarant's intent, and *not* on the impact on the listener. Even the Government's pinpoint cites must lead this Court

to the same conclusion. As the Government quotes *Lupton*: "[w]hen statements are *aimed* at

misdirecting agents," implies that the Seventh Circuit has held materiality to rely on the

declarant's intent, and not on the impact on the listener. While this may be the law in the Seventh

Circuit, this is not the binding law of the Tenth Circuit. And the Government's suggestion to the

contrary was a fatal misrepresentation of law to the jury, and lacks the legal precedent for this

Court to rely on to sustain the defendant's conviction under Count 3.

**VI.     THE GOVERNMENT DOES NOT ADDRESS THE ISSUE OF IMPROPER PLEADING OF THE INDICTMENT, AS RAISED IN SECTION III OF DEFENDANT'S MOTION, DOC. 376.**

**VII.     AS STATED BY DEFENDANT'S COUNSEL AT THE CONCLUSION OF DEFENDANT'S CASE IN CHIEF, DEFENDANT WRIGHT HEREBY RENEWS HIS RESERVATION OF ALL OTHER RIGHTS AS TO OTHER ARGUMENTS AND OTHER COUNTS, AND WAIVES NO RIGHTS OR ARGUMENTS HE MAY HAVE HAD, HAVE NOW, OR WILL HAVE ON DIRECT OR COLLATERAL APPEAL.**

**VIII.   CONCLUSION**

The Government misrepresented the law to the jury regarding materiality of false

statements, such as those charged in Count 3. The Government stated that it had zero obligation

to provide evidence on materiality. The Government did, as a matter of law, have that burden

and failed to provide any evidence to sustain it. The Government's appeal to "obviousness" was

a veiled appeal to the jurors to substitute their common sense for actual evidence – direct or

circumstantial, in violation of the constitutional requirement that the Government present at least

some evidence on every element of every crime charged. And the Government misrepresented

the law of materiality as being based variably on either "what could have been" had the

statements been true, and the intent behind making statements that were false – neither of which

is the *actual* legal standard for materiality, which is a "tendency" *i.e.* a "reasonable likelihood"

that such statements could have influenced a decision of Agent Smith or the FBI in accordance

with *Weinstock* and *Gonzalez*. And the Government's suggestion that self-serving statements are

*per se* material would render an absurd result as it would eliminate entirely the materiality

element of an offense charged under 18 U.S.C. § 1001(a)(2). Because there is zero evidence of

materiality, and because the Government represented to the jury that it could find the defendant

guilty on the element of materiality without presenting any evidence thereon, this Court must

grant the defendant's motion under Rule 29 because not only did the Government fail to provide

*any* evidence – let alone sufficient evidence – on which a rational jury could find the defendant

guilty beyond a reasonable doubt with regard to the materiality element, it would render a

sanction on the Government's misconduct for making misrepresentations of law to the jury.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Kari S. Schmidt
Kari S. Schmidt, #11524
/s/ Tyler J. Emerson
Tyler J. Emerson, #26006
Conlee Schmidt & Emerson, LLP
200 W. Douglas, Suite 300
Wichita, Kansas 67202
T: 316-264-3300
F: 316-264-3423
E: karis@fcse.net
E: tyler@fcse.net
*Counsel for Gavin Wayne Wright*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' RENEWED MOTION FOR JUDGMENT OF ACQUITTAL was filed and served electronically pursuant to the CM/ECF system on May 1, 2018 on all counsel of record.

<div style="margin-left:40%">

/s/ Kari S. Schmidt
Kari S. Schmidt

</div>