# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                          Case No.   **16-CR-10141-EFM**

**CURTIS WAYNE ALLEN *et al*.,**

      **Defendants.**

## GOVERNMENT'S NOTICE OF AUTHORITY RELEVANT TO U.S.S.G. § 3A1.4

APPEARS NOW the United States of America, by and through its undersigned attorneys, and provides the Court with supplemental authority relating to U.S.S.G. § 3A1.4. At a hearing on November 19, 2018 that addressed the U.S. Sentencing Guidelines as it applies to the defendants in this case, the Court asked the government to file a list of examples in which a sentencing court imposed the terrorism enhancement, pursuant to U.S.S.G. § 3A1.4, where the defendants' underlying conduct was an attack on civilians. Accordingly, the government provides the following list to the Court:

(1) *United States v. Mohamud*, 3:10-cr-475-HZ (D. Or.); *see* Ex. A (sentencing transcript; argument on enhancement focused on threat to civilian population). Terrorism enhancement applied to defendant who attempted to kill civilians by detonating bomb at

public Christmas Tree lighting ceremony.  *See also United States v. Mohamud*, 666 Fed.Appx. 591 (9th Cir. 2016) (affirming sentence without discussion of 3A1.4).

(2) *United States v. Shazad*, 1:10-cr-541-MGC (S.D.N.Y.).  Terrorism enhancement applied to defendant who attempted to kill civilians in New York City by bombing Times Square; in an effort to maximize casualties, defendant had conducted research to determine the times at which the largest crowds were present.

(3) *United States v. Rahimi*, 1:16-cr-760-RMB (S.D.N.Y.).  Terrorism enhancement applied to defendant who attempted to kill and injure civilians by detonating bombs placed on public streets in the Chelsea neighborhood of New York City.

(4) *United States v. Suarez*, 4:15-cr-10009-JEM (S.D. Fl.).  Terrorism enhancement applied where defendant attempted to detonate bombs on the beach in Key West, Florida to target civilian beach-goers.

(5) *United States v. Aldawsari*, 749 F.3d 1015 (5th Cir. 2014) (affirming sentence); *see* Ex. B (sentencing transcript).  Terrorism enhancement applied where defendant attempted to assemble a bomb and had created a list of potential targets, including the Cotton Bowl, the Dallas residence of former President George Bush, and various Dallas public gatherings.

(6) *United States v. El Bahnasawy*, 1:16-cr-376-RMB (S.D.N.Y.).  Final sentencing hearing in this case is set for today, November 20, 2018.  The Probation Office found that the U.S.S.G. § 3A1.4 terrorism enhancement applied to defendant who provided chemicals to an undercover law enforcement officer with the belief that they would be made into explosives used carry out attacks against civilians in New York City, including in Times

Square, in the subway system, and at public concert venues.

(7) *United States v. Garey*, 546 F.3d 1359 (11th Cir. 2008); *see also United States v. Garey*, 383 F.Supp.2d 1374 (M.D. Ga. 2005) (discussing guidelines for individual counts). Terrorism enhancement applied where defendant threatened to bomb multiple buildings in Macon, Georgia unless the government paid him to stop; enhancement applied to all counts of conviction, including civilian targets (a shopping mall and a television station) as well as threatened bombing of a city hall building.

(8) *United States v. Wright*, 747 F.3d 399 (6th Cir. 2014). Terrorism enhancement applied to members of Occupy Cleveland movement who planned bombing of non-federal bridge where defendants "expected that the government would respond to the bridge-bombing" by taking new security measures, anticipated combat with law enforcement officers, and considered other federal facilities as potential targets, "even if [the defendants] had other goals in mind, such as antagonizing the 'one percent.'"

(9) *United States v. Abdulmutallab*, 2:10-cr-20005-NGE (E.D. Mich.). Terrorism enhancement applied to defendant who attempted to kill civilian passengers and flight crew by detonating plastic explosives during commercial airline flight.

In addition, the government notes that other well-known terrorism cases involved attacks on civilian targets, including the 2013 Boston Marathon bombing, the 2001 attempted bombing of a civilian aircraft mid-flight by Richard Reid (the "shoe bomber"), and the September 11, 2001 attack on the World Trade Center.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

*Anthony W. Mattivi*

ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*Risa Berkower*

RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

*Mary J. Hahn*

MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the __20th__ day of November 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*Risa Berkower*
Risa Berkower